# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD THOMAS MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 15-cv-02905-BAS(NLS) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 3); AND** <br><br> **(2) REFERRING TO MAGISTRATE JUDGE FOR REPORT AND RECOMMENDATION** |

On December 24, 2015, Plaintiff Richard Thomas Morris ("Plaintiff") commenced this action against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner's decision to deny him Supplemental Security Income benefits. On the same day, he also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (ECF No. 3 ("IFP Mot.").) For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing

court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs…and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense,…the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[i]n forma pauperis status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff was last

employed in 2007 at Mass Audiology in Massachusetts, making $12 per hour. (IFP Mot. at ¶ 2.) He currently receives $335 per month in General Assistance and $194 per month in food stamps, and is on Section 8 housing assistance. (*Id*. at ¶ 3.) He does not have a checking or savings account, and does not own any automobiles, real estate, stocks, bonds, securities, or anything else of value. (*Id*. at ¶¶ 4-5.) His current debts include $230 in credit card debt. (*Id*. at ¶ 9.) His monthly expenses include $39 per month for cable and phone and $25 per month for laundry. (*Id*.) Plaintiff has no dependents. (*Id*. at ¶ 8.) Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application to proceed IFP (ECF No. 3). However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

Additionally, the Court **REFERS** all matters arising in this case to United States Magistrate Judge Nita L. Stormes for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1). If the parties choose to file motions in this case, they shall contact Judge Stormes' chambers to secure scheduling, filing, and hearing dates.

**IT IS SO ORDERED.**

**DATED: January 8, 2016**

Hon. Cynthia Bashant
United States District Judge